

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-18-2007

# USA v. Kinnard

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1514

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Kinnard" (2007). *2007 Decisions.* Paper 1765.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1765

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1514

———

UNITED STATES OF AMERICA,

Appellee,

v.

ERIC KINNARD,

Appellant.

———

On Appeal from the Sentence of the United States District Court
for the Middle District of Pennsylvania
and Petition to Withdraw from Representation
(D.C. No. 05-cr-0337)
District Judge: Honorable Christopher C. Conner

———

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2007

Before: SLOVITER, RENDELL, *Circuit Judges*, and IRENAS,* *Senior District Judge.*

(Filed: January 18, 2007 )

---

* Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

---

OPINION

---

IRENAS, *Senior United States District Judge.*

Eric Kinnard appeals his sentence of 105 months imposed after he pleaded guilty

to distribution and possession with intent to distribute heroine in violation of 21 U.S.C.

§ 841(a)(1). Kinnard's counsel has filed a brief pursuant to *Anders v. California*, 386

U.S. 738 (1967), along with a Petition to Withdraw from Representation of the

Appellant. Kinnard was notified of his right to submit a *pro se* brief in support of his

appeal but has not done so. For the reasons set forth below, we will affirm the

sentencing order and grant counsel's request to withdraw.

I.

Pursuant to a written plea agreement with the United States, Kinnard pleaded

guilty to one count of distribution and possession with intent to distribute heroine on

October 28, 2005. At the sentencing hearing, Kinnard moved for a downward departure,

asserting that his criminal history category of VI overstated the seriousness of his

previous offenses. The United States also moved for a downward departure based on

Kinnard's substantial assistance in the investigation and prosecution of other offenders.

The district court denied Kinnard's motion and granted the United States' motion.

The court concluded that Kinnard's criminal history category did not substantially overrepresent the seriousness of his criminal history or the likelihood that he will commit other crimes. Specifically, the court noted that Kinnard had nine convictions since 1993 and three prior convictions for crimes of violence.

With respect to the United States' motion, the court noted that Kinnard cooperated "very well" with law enforcement. The court granted the motion, departing downward five levels, even though the United States sought only a three level departure. Taking into account the departure, the court determined that Kinnard's offense level was 24, his criminal history was 6, and the guideline range was 100 to 125 months. The court then imposed a sentence of 105 months. Kinnard timely filed a notice of appeal.

## II.

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction over the sentencing order pursuant to 28 U.S.C. § 1291 and over the final sentence pursuant to 18 U.S.C. § 3742(a).

Pursuant to Third Circuit Local Appellate Rule 109.2(a), if trial counsel reviews the district court record and "is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting [*Anders*] brief." Third Circuit L.A.R. 109.2(a). In considering counsel's submission, we must examine: (1) "whether counsel fulfilled the rule's requirements;" and (2) "whether an

independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). To satisfy the *Anders* requirements, Appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and "explain why the issues are frivolous." *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir. 2000).

First, we find that Appellant's counsel's brief, along with the Petition to Withdraw from Representation, adequately demonstrate that counsel has reviewed the record for appealable issues and explained why those issues are frivolous. Second, after our own independent analysis of the record, we agree with counsel's analysis that this appeal presents no non-frivolous issues.

We see two possible issues. First, Kinnard might challenge the district court's refusal to downwardly depart on his criminal history category. However, even before *United States v. Booker*, 543 U.S. 220 (2005), "we declined to review discretionary decisions to deny departures," *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006), and *Booker* did not alter that precedent. *Cooper*, 437 F.3d at 333.

Second, Kinnard might challenge his sentence as unreasonable under *Booker*. The sentencing transcript makes clear, however, that the district court addressed the factors found in 18 U.S.C. § 3553(a) (*see* App. at p. 21), and imposed a sentence that was within the applicable guideline range. *See Cooper,* 437 F.3d at 331 ("it is less likely that a within-guidelines sentence, as opposed to an outside-guidelines sentence, will be

4

unreasonable.").  Indeed, Kinnard's sentence was at the lower end of the applicable guideline range and significantly lighter than the sentence recommended by the government.

Accordingly, the sentence will be affirmed and counsel's Petition granted.